## Wright, Impleaded, etc., v. Jacksonville Benefit Building Association.

1. *Foreclosure — Premises Subject to Different Liens.*—Where the owner of property mortgages to secure his own and his wife's obligation, and afterward mortgages to the same person to secure the obligation of another person, such person joining in the mortgage, and subsequently sells the land, the purchaser takes it subject to both liens and is bound to discharge the one as well as the other, if he wishes to obtain a perfect title. It is not error in a decree of foreclosure to hold the premises subject to both liens generally, and provide for the sale of the premises in case the defendant fails to discharge them.

2. *Solicitor's Fees.*—Where solicitor's fees are provided for in a mortgage, in the event of foreclosure, it is not error to include the amount specified as costs, in the decree.

Memorandum.—Foreclosure in chancery. Writ of error to the Circuit Court of Morgan County to reverse a decree of foreclosure rendered by that court; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 31, 1892.

The opinion of the court states the case.

OSCAR A. DeLEUW, solicitor for plaintiff in error.

EDWARD P. KIRBY, solicitor for defendant in error.

OPINION BY THE COURT.

Marlow Riley and Margery Riley, his wife, executed a mortgage upon certain real estate held in fee by Marlow Riley to secure two bonds payable to the appellee, one of said bonds being signed by the said Marlow and the other by said Margery.

Subsequently the said Marlow Riley and his wife, together with Wm. M. Riley, executed another mortgage on said land to the appellee to secure a bond payable to the appellee and signed by said Wm. M. Riley. Still later, said Marlow Riley and wife conveyed the mortgaged premises to Wm. M. Wright, the appellant. The appellee, after said conveyance, filed its bill to foreclose said mortgages, making the

Rileys and said Wright parties defendant. The Rileys made no answer and were defaulted. Wright demurred to the bill. The demurrer was overruled and a decree passed accordingly, the said Wright having elected to stand by his demurrer. The writ of error sued out by said Wright brings the record here for our consideration.

It is urged that the decree is erroneous because it holds the premises subject to the lien of the bond given by Wm. M. Riley, and it is insisted that as Wright purchased the interest of Marlow Riley, the decree should have provided that he, Wright, might "redeem as to the part covered by the mortgage of said Marlow and wife, by paying the amount due on that mortgage debt." We can not see wherein the decree is erroneous in this respect.

The owner of the property chose to mortgage it to secure his own and his wife's obligation, and afterward he mortgaged it for the purpose of securing the obligation of Wm. M. Riley, the latter joining in the mortgage. When Wright subsequently bought the land, he took it subject to these two liens, and was bound to discharge the one as well as the other, if he wished to obtain a perfect, unincumbered title. No possible objection can be made to the requirement of the decree that the sum total of both obligations should be paid and that in default of such payment, the mortgaged premises should be sold to satisfy the amount so found due.

Nor is it perceived that any just complaint can be made that the decree included as costs, the sum of $50 for solicitor's fees. Each mortgage provided for the payment of such a sum for such fee in the event of foreclosure.

It seems to be objected that the decree is faulty in not providing who shall pay this fee.

It is provided that the debtors, the Rileys, pay the amount found due, with interest, and the costs, including said fees, and that unless they, or the other defendant, make such payment, then the premises shall be sold, etc. There is no error in this respect, and no other objections being urged, the decree will be affirmed.